IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALLEN LADD,

                Petitioner,

    v.

UNITED STATES OF AMERICA,

                Respondent.

ORDER

14-cv-256-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case represents the latest of a long line of attempts by petitioner Allen Ladd to challenge a 2005 conviction and sentence for drug and firearm offenses. United States v. Ladd, No. 05-cr-42-bbc. Petitioner appealed the conviction, but the Court of Appeals for the Seventh Circuit dismissed the appeal and granted a motion to withdraw filed by petitioner's counsel after the court of appeals found that petitioner had not raised any nonfrivolous issues. United States v. Ladd, 215 F. App'x 526 (7th Cir. 2007). The Supreme Court denied petitioner's request for a writ of certiorari. Ladd v. United States, 552 U.S. 1103 (2008).

      In 2008, petitioner filed a motion under 28 U.S.C. § 2255, in which he challenged his conviction and sentence on various grounds. Ladd v. United States, No. 08-cv-744-bbc. I denied the motion after concluding that none of the grounds had any merit. The Court of Appeals for the Seventh Circuit denied petitioner's request for a certificate of

appealability. This year, petitioner filed another § 2255 motion in this court, which I denied because § 2255(h) prohibits petitioner from filing a second motion for post conviction relief unless he first obtains certification to do so from a panel of the Court of Appeals for the Seventh Circuit.

Also this year, petitioner sought relief under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Illinois. He argued that this court violated his constitutional right of access to the courts when it failed to give petitioner an evidentiary hearing on his first § 2255 motion. The Illinois court dismissed the petition with prejudice. Ladd v. Cross, 14-CV-00246-DRH, 2014 WL 1017625 (S.D. Ill. Mar. 14, 2014).

Petitioner's latest petition seems to be a duplicate of the case he filed in the Southern District of Illinois. He relies again on § 2241 and argues again that this court violated his right of access to the courts by failing to hold an evidentiary hearing on his 2009 motion under § 2255.

As the Illinois court noted, § 2241 is limited to challenges to a petitioner's custody. The latest petition is not a challenge to petitioner's custody, but a request for a hearing on a previous § 2255 motion. The court of appeals rejected that appeal and petitioner cannot challenge that decision by filing a new case. Rather, petitioner must file a request with the Court of Appeals for the Seventh Circuit if he wishes to file another § 2255 motion. 28 U.S.C. § 2255(h).

Even if I assume that petitioner could seek relief under § 2241, his petition would be barred for two reasons. First, under 28 U.S.C. § 2244(a), petitioner may not file successive

petitions under § 2241 raising the same issue.  Suggs v. United States, 705 F.3d 279, 281 (7th Cir. 2013); Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998).  Second, petitioner's claim fails on the merits because petitioner's right of access to the courts prohibits third parties from interfering with petitioner's ability to litigate a claim, Christopher v. Harbury, 536 U.S. 403, 414 (2002), but it does not require a particular outcome from the court.

It is probably unnecessary to consider the question of issuing a certificate of appealability.  To complete the record, however, I find under Rule 11 of the Rules Governing Section 2255 Proceedings, that defendant has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004), so no certificate will issue.

ORDER

IT IS ORDERED that Allen Ladd's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction. No certificate of appealability shall issue.

Entered this 8th day of July, 2014.

BY THE COURT:<br>
/s/<br>
BARBARA B. CRABB<br>
District Judge